UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTONY ALLEN,

*Defendant-Appellant.*

No. 02-4462

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Walter E. Black, Jr., Senior District Judge.
(CR-01-369-B)

Submitted: June 20, 2003

Decided: July 3, 2003

Before WILKINSON and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A.,
Elkridge, Maryland, for Appellant. Thomas M. DiBiagio, United
States Attorney, Gina L. Simms, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Antony Allen appeals his conviction and eighty-seven-month sentence following a jury trial on a single count of carjacking, a violation of 18 U.S.C. § 2119 (2000). Allen argues his conviction and sentence rest on the district court's alleged errors in denying his motion for new trial based on the composition of the jury pool, admitting his accomplice's plea agreement, and in applying the relevant Sentencing Guidelines provision regarding use of a firearm. Allen also contends his trial counsel provided inadequate assistance. For the following reasons, we affirm.

Allen's objection to the racial composition of the venire from which his jury was selected, which formed the basis for his motion for new trial under Fed. R. Crim. P. 33, is misplaced. This Court reviews the denial of a Rule 33 motion for new trial for abuse of discretion. *United States v. Adam*, 70 F.3d 776, 779 (4th Cir. 1995). However, Allen's argument is premised almost entirely on the results of the random juror selection process employed in Maryland, which has been judicially approved. *See United States v. Meredith*, 824 F.2d 1418, 1424 (citing *United States v. Blair*, 493 F. Supp. 398, 403 (D. Md. 1980)). Because a criminal defendant cannot demonstrate a violation of the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-868 (2000), by simply alleging that the racial composition of the venire does not match that of the community, and Allen does not demonstrate that the random selection procedure prescribed in the district was manipulated or did not result in substantial proportional representation, we find this assignment of error unpersuasive. *See Meredith*, 824 F.2d at 1424 n.3; *United States v. DiTommaso*, 405 F.2d 385, 390 (4th Cir. 1968).

Allen's objections to the admission of his accomplice's plea agreement into evidence and the district court's application of the Sentenc-

ing Guidelines are reviewable only for plain error, as Allen did not raise these objections below. *See* Fed. R. Crim. P. 52. As a result, Allen must demonstrate: "(1) whether there was error; (2) whether it was plain; (3) whether it affected [his] substantial rights; and (4) whether, if the first three criteria are met, [this Court] should exercise [its] discretion to notice the error." *United States v. Martinez*, 277 F.3d 517, 529 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002).

The Government's introduction of the plea agreement of Allen's accomplice into evidence was not error. The Government may introduce a witness's plea agreement "so that the jury may assess the credibility of the witnesses the government asks them to believe." *United States v. Henderson*, 717 F.2d 135, 137 (4th Cir. 1983) (internal quotations omitted). Further, the statement of facts contained in the plea agreement was not offered as proof of Allen's guilt, but to rehabilitate the witness's credibility. Because the statement of facts in the plea agreement was offered not "for [its] truth but for the limited purpose of rehabilitation," Fed. R. Evid. 801(d)(1)(B) and its concomitant restrictions do not apply. *See United States v. Ellis*, 121 F.3d 908, 919-20 (4th Cir. 1997).

Nor do we find error, plain or otherwise, in the district court's application of the sentencing enhancements applicable to carjacking. The Sentencing Guidelines set at twenty-eight the adjusted offense level of a defendant who does not discharge but otherwise uses a firearm in connection with a carjacking. *See U.S. Sentencing Guidelines Manual* § 2B3.1(b)(2)(B), (b)(5) (2002). Allen's contention that the district court should have applied the lesser sentencing guideline for brandishing, *see* § 2B3.1(b)(2)(C), rather than "use," is meritless, as we find the trial testimony concerning Allen's reliance on the firearm demonstrates he did more than simply brandish a firearm. *See* USSG § 1B1.1, comment. (n.1(f)) (2002) (cross referenced by § 2B3.1, comment. (n.1)).

Finally, Allen's contention that he received ineffective assistance of counsel at trial is not cognizable on direct appeal. Allen argues his attorney was ineffective because he did not object to the admission of the plea agreement or the district court's calculation of the sentence. However, in order to prevail on a claim of ineffective assistance on direct appeal, Allen must demonstrate not only that his attorney's

actions were both deficient and prejudicial, *see Strickland v. Washington*, 466 U.S. 668 (1984), but that these deficiencies "conclusively appear" from the record before this Court. *See United States v. Gastiaburo*, 16 F.3d 582, 590 (4th Cir. 1994) (citing cases). From the record before us, we are unable to conclusively determine that Allen's trial counsel provided ineffective assistance.

Accordingly, we affirm Allen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*